UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VARIOUS FIREARMS,<br><br>Defendant. | Case No. 19-cv-05199-EJD<br><br>**ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT; DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 57 |

This is an in rem action for civil forfeiture of nine firearms and assorted ammunition seized during the execution of a federal search warrant at a private residence. Presently before the Court is Plaintiff United States' Motion for Default Judgment. No opposition was filed. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument. For the reasons stated below, the Court GRANTS Plaintiff's Motion.

**I.   BACKGROUND**

   A.   **Factual Background**

On August 20, 2019, the United States commenced this action by filing a verified forfeiture complaint against the following property ("Defendant Property"):

  1) One (1) Mossberg 464 rifle, caliber 30-30, bearing serial number LA072616;

  2) One (1) Ruger 10/22 rifle, caliber 22, bearing serial number 0009-16738;

  3) One (1) Mossberg 500C shotgun, caliber 12, bearing serial number U396256;

  4) One (1) Springfield Armory, Geneseo IL XDS pistol, caliber unknown, bearing serial number S3768206;

  5) One (1) Kimber Eclipse custom II pistol, caliber 10, bearing serial number KF

44753;

6) One (1) Smith & Wesson M&P 9C pistol, caliber 9, bearing serial number HBA4965;

7) One (1) Smith & Wesson 622 pistol, caliber 22, bearing serial number TCW5780;

8) One (1) Smith & Wesson 627 V-Comp revolver, caliber 357, bearing serial number DDX0018;

9) One (1) Glock Inc. 17 pistol, caliber 9, bearing serial number KYB100;

10) 252 Rounds assorted caliber ammunition;

11) 30 Rounds assorted 12 caliber ammunition;

12) 102 Rounds assorted 45 caliber ammunition;

13) 95 Rounds assorted 10 caliber ammunition;

14) 15 Rounds assorted 30-60 caliber ammunition;

15) 25 Rounds assorted 762 caliber ammunition;

16) 45 Rounds assorted 357 caliber ammunition.

Dkt. No. 1, Complaint ("Compl.") ¶ 6. These items were seized by law enforcement from Ray Ramos Jr. on or about March 29, 2019 in San Jose, California. *Id*. ¶ 2.

In March of 2019, U.S. Customs and Border Protection intercepted a mail package originating in China with the contents declared as a "multi-tool switch." Compl. ¶ 3. The package contained "four 'auto switch' devices" and was addressed to Ray Ramos at 1727 Cape Horn Place, San Jose, California 95133. *Id*. Auto switch devices are solely used for the "purpose of converting semi-automatic Glock pistols into fully automatic machineguns." *Id*. ¶ 8. Special Agent Lou Strickland with Homeland Security Investigations ("HSI") ran a public records check and found that both Ray Ramos Jr. and Ray Ramos Sr. were listed as residing at the 1727 Cape Horn Place address. *Id*. ¶ 13. Agent Strickland also conducted a criminal record check on both residents and found Ramos Jr. "has felony convictions in California for possession of controlled substance, manufacture possible dangerous weapon, felon with a firearm" and other offences. *Id*. ¶ 14. Convicted felons are prohibited from possessing firearms or ammunition pursuant to 18

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
2

1  U.S.C. § 922(g)(1).  *Id*. ¶ 44.  Based on this information, HSI planned a controlled delivery of the
2  package and secured an anticipatory search warrant.  *Id*. ¶ 18.

3        On March 29, 2019, HSI agents executed the search warrant at the 1727 Cape Horn Place
4  residence after Ramos Jr accepted the controlled delivery of the package containing the switching
5  devices.  *Id*. ¶ 19.  In the attached garage, agents "discovered what appeared to be a drug
6  packaging operation" with two tables and a clear Plexiglass tray that appeared to contain cocaine
7  residue.  *Id*. ¶ 24.  In the immediate vicinity, agents located a pouch containing several clear
8  baggies of what appeared to be cocaine.  *Id*. ¶ 25.  Agents also uncovered a backpack containing
9  248 grams of cocaine, black and white plastic baggies, a baby feeding spoon with cocaine residue,
10 a digital scale with cocaine residue, and a loaded Springfield 9mm pistol.  *Id*.  The garage also
11 contained one loaded AR-15 short-barrel rifle, the Kimber Eclipse pistol, the Mossberg shotgun,
12 and gun and ammunition manufacturing equipment.  *Id*. ¶¶ 25-29.  At this point, Ramos Jr.
13 indicated that he wanted to speak to agents, was re-Mirandized and disclosed the location of more
14 firearms throughout the house.  *Id*. ¶ 33.  Ramos Jr. told agents that he was a felon and knew he
15 was not permitted to possess firearms.  *Id*. ¶ 34.

16       The United States alleges the firearms and ammunition are subject to forfeiture pursuant to
17 21 U.S.C. 881(a)(6) since the items are "things of value furnished to a person in exchange for a
18 controlled substance, and/or was used or intended to be used to facilitate the transportation, sale,
19 receipt, possession, or concealment of controlled substances" in violation of 21 U.S.C. § 841.  *Id*.
20 ¶ 48.  The United States also alleges the firearms are subject to forfeiture under 18 U.S.C. §
21 924(g)(1) since Ramos Jr knowingly possessed firearms in violation of 18 U.S.C. § 922.  *Id*. ¶ 45.

22     B.   **Procedural Background**

23       The United States filed the Complaint for Forfeiture on August 20, 2019.  On August 23,
24 2019, the United States provided direct notice of the forfeiture proceeding, including the
25 complaint and other related documents, via certified mail to Ramos Jr., Ramos Sr., and Anggelyn
26 Ramos (Ramos Jr.'s wife).  Dkt. No. 15, Certificate of Service.  The United States also provided
27 notice by publication on an official government website (www.forfeiture.gov) for at least thirty

28 Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
3

consecutive days beginning on August 29, 2019.  Dkt. No. 18, Proof of Publication.

On September 23, 2020, the United States moved for entry of default as to the firearms and ammunition.  Dkt. No. 54, Motion for Entry of Default.  One week later, the Clerk entered default as to the Defendant Property.  Dkt. No. 55.  On November 6, 2020, the United States filed this Motion for Entry of a Default Judgment as to the various firearms and ammunition.  Dkt. No. 57, Motion for Default Judgment ("Mot").

## II.   LEGAL STANDARD

### A.   **Civil Forfeiture**

Civil forfeiture is a "harsh and oppressive procedure" that is not favored by courts.  *United States v. $191,910 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994).  The Ninth Circuit is "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal penalties without . . . all of the procedural protections afforded criminal defendants."  *Id*.  Thus, courts strictly construe the procedural rules that govern civil forfeitures.  *United States v. Approximately $19, 126 in United States Currency*, No. 16-CV-06645-LHK, 2017 WL 3969455, at *3 (N.D. Cal. Sept. 8, 2017).  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims Rule G provides the procedural contours "govern[ing] a forfeiture action in rem arising from a federal statute."  Fed. R. Supp. G(1).  The procedural rules for forfeiture actions are further developed under the Northern District of California's Admiralty and Maritime Local Rules 6-1 and 6-2.

### B.   **Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) permits the Court, after defendant's default, to enter a final judgment in the case.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001).  The decision to grant a motion for default judgment is discretionary. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).  To guide its discretion, courts apply the following factors, known as the "Eitel Factors," to determine if default judgment is appropriate:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
4

> the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). To conduct the analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Prior to weighing these factors, however, the Court "must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant." *Approximately $19,126 in United States Currency*, 2017 WL 3969455, at *3.

### III. DISCUSSION

Subject matter jurisdiction is established pursuant to 28 U.S.C. § 1355(a), which vests district courts with original jurisdiction "of any action or proceeding for the recovery or enforcement of any . . . forfeiture, pecuniary or otherwise, incurred under any Act of Congress." Personal jurisdiction for forfeiture actions is established "in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A). Here, the Defendant Property was seized in San Jose, in the Northern District of California, and the alleged acts took place in this district. *See* Compl. ¶¶ 24-30 (detailing evidence of criminal activity in San Jose, California). Thus, personal jurisdiction is established, and the Northern District of California is the proper venue.

#### A. **Application of the *Eitel* Factors**

Having concluded the exercise of jurisdiction over the Defendant Property is appropriate, the Court now turns to weighing the various *Eitel* factors to determine whether entry of default judgment is warranted.

##### i. Factor One: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the United States would suffer prejudice if default judgment is not entered against a defendant. *Eitel*, 782 F.2d at 1471. In the absence of default judgment in this case, the United States "will likely be without recourse or recovery" for the

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
5

firearms and ammunition. *Approximately $19,126 in United States Currency*, 2017 WL 3969455, at *4 (citing *United States v. $86,496.00 in U.S. Currency*, 2008 WL 2687141, at *2 (D. Ariz. July 2, 2008)). Therefore, this factor weighs in favor of granting default judgment.

### ii. Factors Two & Three: Merits of the United States' Substantive claims and the Sufficiency of the Complaint

The second and third factors consider the merits and sufficiency of the United States' claims as pleaded in the complaint. *Eitel*, 782 F.2d at 1471. These factors are often analyzed together. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The United States' claim for civil forfeiture is based on two forfeiture statutes: 18 U.S.C. § 924(d)(1) and 18 U.S.C. § 881(a)(6). Mot. at 2. The Court will address the merits and sufficiency of these claims separately.

The United States first seeks forfeiture of the Defendant Property under 18 U.S.C. § 924(d)(1), which provides for forfeiture of "any firearm or ammunition involved in or used in any knowing violation of" 18 U.S.C. § 922(g). The latter statute prohibits "any person who has been convicted in any court of, a crime punishable for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1). Under the forfeiture statute, "any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." 18 U.S.C. § 924(d)(1).

In this case, the Defendant Property was seized on March 29, 2019. Mot. at 1. However, this action was not initiated until August 20, 2019 – twenty-four days after the expiration of the 120-day limitation period. *Id*. The United States does not directly address the timeliness of its claim in either its complaint or motion for default judgment. The complaint does state that "ATF subsequently commenced administrative forfeiture proceedings of the Defendant Property." Compl. ¶ 42. However, there are no dates or declarations to clarify when this proceeding actually took place. Because the United States does not substantiate this alleged administrative proceeding nor does it provide any other justification for the delay, the claim under 18 U.S.C. § 924(d)(1) is time-barred. *See United States v. Various Firearms*, No. 18-CV-03039-VKD, 2019 WL 2775735,

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
6

at *4 (N.D. Cal. July 2, 2019). Thus, the United States is not entitled to default judgment under section 924.

The United States also seeks forfeiture of Defendant Property pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of property constituting, or derived from, the sale of controlled substances. Mot. at 2. The applicable statute of limitations governing forfeitures under section 881 is two years. *See Various Firearms*, 2019 WL 2775735 at *4. Unlike the previous claim, the United States' action is timely pursuant to section 881.

Turning to the merits of the claim, the United States must show by a preponderance of the evidence that the firearms are derived from or facilitated drug trafficking. *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013). Here, in a related criminal case, Ramos Jr. pled guilty to Possession with Intent to Distribute Cocaine and agreed to forfeit the Defendant Property. Mot. at 12. In his plea agreement, Ramos Jr. "admitted that the Defendant Property was purchased with proceeds he obtained from drug trafficking and/or was used to facilitate and/or intended to facilitate the drug trafficking crime to which he pled guilty." *Id*. This admission is more than sufficient to demonstrate a connection between the firearms and drug trafficking. Therefore, these factors weigh in favor of default judgment with respect to the section 881(a)(6) claim.

### iii. Factors Four: Amount of Money at Stake

Under the fourth factor, default judgment is discouraged if the amount of money at stake in the litigation is substantial or unreasonable compared to the seriousness of defendant's conduct. *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012).

Here, the United States asserts the value of the firearms is unknown, but contends it is reasonable in light of Ramos Jr.'s criminal activity. Mot. at 13. The Court agrees that given the connection between the Defendant Property and the illegal sale of narcotics, combined with Ramos Jr.'s status as a felon, civil forfeiture of the firearms is reasonably proportional to the harm

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
7

1    caused by Ramos Jr.'s actions.  *See Approximately $19,126 in United States Currency*, 2017 WL

2    3969455 at *7 (forfeiture of car valued at $18,000 is proportional to charge of conspiring to

3    distribute 500 or more grams of methamphetamine).  Thus, this factor weighs in favor of granting

4    default judgment.

### iv.   Factor Five & Six: Potential Disputes and Excusable Neglect

The fifth and sixth *Eitel* factors consider the potential for factual disputes by the claimant and whether a claimant's failure to respond was due to excusable neglect.  *Eitel*, 782 F.2d at 1471-72.  Turning to the potential for factual dispute factor, no potential claimants have participated in this action or attempted to challenge the United States' factual allegations or legal assertions.  Mot. at 14.  Therefore, there is little possibility of any issues of material fact in this dispute.

The sixth factor considers whether a claimant's failure to appear was the result of excusable neglect.  *Approximately $19,126 in United States Currency*, 2017 WL 3969455 at *7.  Pursuant to the procedural requirements (discussed below), the United States provided adequate service and notice to the potential claimants via certified mail.  Mot. at 14.  Nothing in the record indicates that the notice was inadequate.

Taken together, the fifth and sixth *Eitel* factors favor default judgment.

### v.   Factor Seven: Policy Favoring Decision on the Merits

The policy of favoring decisions on the merits weighs against entry of default judgment, however district courts "have regularly held that this policy, standing alone, is not dispositive."  *Approximately $19,126 in United States Currency*, 2017 WL 3969455 at *8.  This is particularly true when reaching a decision on the merits is impracticable since no party has appeared to oppose this motion.  *United States v. Approximately $35,090.00 in United States Currency*, No. C 14-02280 WHA, 2014 WL 4370849, at *3 (N.D. Cal. Sept. 3, 2014).  Since no claims have been filed for the Defendant Property, the resolution of this case on the merits is unlikely.  *See* Mot. at 3.  This factor also weighs in favor of default judgment.

### B.   Procedural Requirements

Given the Court's finding that entry of default judgment is warranted under *Eitel*, the Court

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
8

must next determine if the United States has also satisfied the procedural requirements that govern civil forfeiture actions. As noted above, the foundational requirements are set forth in Section G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Fed. R. Supp. G. The Northern District of California Admiralty and Maritime Local Rules 6-1 and 6-2 provide additional procedural requirements regarding forfeiture actions. If the plaintiff fails to satisfy any of these procedural requirements, then entry of default judgment will be denied. *See United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999). The Court will address each of the requirements below.

### i. Adequacy of Complaint

The Supplemental Rules require a plaintiff to include specific information in the verified complaint, including (1) jurisdiction, (2) the property subject to forfeiture, (3) the statute under which forfeiture is brought, and (4) the facts to support a reasonable belief the government will meet its burden at trial. Fed. R. Supp. G(2). Based on the analysis above, the Court concludes that the United States has met the procedural requirements for the complaint with respect to its claim under 21 U.S.C. § 881(a)(6).

### ii. Adequacy of Notice

The Local Admiralty Rules of this district require the plaintiff to comply with the procedural requirements under Supplemental Rules G(3) and (4). Admir. L.R. 6-1. Under Supplemental Rule G(3), if the items are not real property, "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control." Fed. R. Supp. G(3). Here, the United States seized the Defendant Property pursuant to a search warrant on March 29, 2019. Mot. at 7. Thus, arrest was proper.

Supplemental Rule G(4) requires two forms of notice: general notice to the public and direct notice of the forfeiture action to "any person who reasonably appears to be a potential claimant."

First, the United States gave proper direct notice in this case. On August 23, 2019, the United States sent notice of the forfeiture proceeding to three individuals – Ramos Jr., Ramos Sr.,

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
9

1   and Anggelyn Ramos. Dkt. No. 15, Certificate of Service at 3. The notice, as well as other related

2   documents and deadlines, were sent via certified mail to the home addresses of Ramos Sr. and

3   Anggelyn Ramos. Mot. at 3. Notice was also sent to Robert Carlin, counsel for Ramos Jr. *Id*.

4   *See also United States v. One Glock 19*, No. C-06-5412 JCS, 2007 WL 2438361, at *6 (N.D. Cal.

5   Aug. 23, 2007) (stating service upon attorney suffices as service upon individual). These

6   documents were signed and returned to the U.S. Attorney's Office between August 28 and

7   September 3, 2019.

8   The United States also provided proper notice to the public by publication "of the action on

9   the official government internet site (www.forfeiture.gov) for thirty consecutive days" in

10  accordance with Supplemental Rule G(4)(a)(iv) and Local Rule 6-1. *Id*. Despite both direct and

11  public notice, no one has filed a statement of right of possession or ownership interest, or any

12  responsive pleadings regarding the firearms and ammunition. *Id*.

### iii.  Absence of Timely Claim

14  The United States must show no one has filed timely and responsive pleadings pursuant to

15  the Supplemental and Local Admiralty Rules. The deadline for potential claimants to file a claim

16  is "at least 35 days after the notice is sent." Fed. Supp. Rules G(4)(b). Despite both direct and

17  public notice, no one has filed a statement of right of possession or ownership interest, or any

18  responsive pleadings regarding the firearms and ammunition. *Id*. Moreover, even if someone

19  were to file a claim, the deadline has long since expired.

20  Therefore, the Court finds that the United States has fulfilled the procedural requirements

21  of Section G of the Supplemental Rules, as well as the Local Admiralty and Maritime Rules.

## IV.  CONCLUSION

23  For the reasons stated above, the Court GRANTS the United States' Motion for Default

24  Judgment of forfeiture of the Defendant Property pursuant to 21 U.S.C. § 881(a)(6). Default

25  judgment is hereby entered in favor of the United States against the Defendant Property, which are

26  forfeited to the United States. Accordingly, all right, title and interest in said Property is vested in

27  the United States of America. The appropriate federal agency shall dispose of the defendant

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
10

firearms and ammunition in accordance with the law.

**IT IS SO ORDERED.**

Dated:  February 8, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-05199-EJD
ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT
11